## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

*In re:*

TED & STAN'S TOWING SERVICES, INC.,

      Debtor.               /

Case No.: 21-10663-AJC

Chapter 11

TED & STAN'S TOWING SERVICES, INC.,

      Plaintiff

*v.*

Tokyo Century (USA); Eastern Funding, LLC; Agentis PLLC; Greenlight Premium Finance Co. Impact Staff Leasing, Inc.

      Defendants

_____/

Adv. Case No.

## VERIFIED COMPLAINT FOR TEMPORARY INJUNCTION

Plaintiff  (the "Debtor"), by and through undersigned counsel, files and serves this complaint and accompanying emergency motion for temporary injunction, to stay collection activities on guarantees against Edwyn Martinez, who owns and is President of Debtor, while it attempts to reorganize, and respectfully represents the following to the court.

## I. Jurisdiction

1.    This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

## II. Background

2.     On  January 26, 2021 (the "Petition Date"), the Debtor filed its voluntary petition for

relief under Chapter 11, subchapter V, title 11, United States Code, 11 U.S.C. §§ 101-

1532 (the "Bankruptcy Code").

3.     The Debtor is operating its business and managing its affairs as debtors in

possession.

4.     No trustee, or examiner or committee has been appointed in this Chapter 11 case

except the chapter V Trustee Carol Fox.

5.     Pre-petition, the Debtor operated it business.

## III. Requested Relief and Basis Therefor

6.     Plaintiff Debtor sues Defendants and creditors and seeks a temporary injunction

against Defendants from prosecution of cases against Edwyn Martinez while debtor is

attempting to reorganize and settle their claims.

7.     The settlement or disposition of those cases will have a profound effect on this chapter

11 case and could result in payment or settlement of claims in the plan of reorganization.

8.     This complaint and accompanying emergency motion seek a temporary stay against

collection activity against Edwyn Martinez, while debtor attempts to reorganize and settle

their claims.

9.     Edwyn Martinez, is a key person and as such should be protected against lawsuits in

order to enable him to devote full time and energy to the affairs of the debtor, especially at

the initial stage of the proceeding and in formulating a plan of reorganization.

10.     Furthermore, the individual non-debtor earns income and own assets which may

be used as a source to fund the plan, and the preservation of their income and assets can

play a significant and meaningful role in a debtor's attempt to achieve reorganization.

11.    Also, in appropriate circumstances, Chapter 11 plans may include injunctions that prohibit actions against non-debtors such as guarantors. Courts generally have found that such injunctions or third-party releases are permissible in some cases, as long as they are fair and necessary to the debtor's reorganization. In re Scrub Island Development Group Limited, 523 B.R. 862, 876 (Bankr. M.D. Fla. 2015)(citing In re Transit Group, 286 B.R. 811, 817-18 (Bankr. M.D. Fla. 2002). In re Otero Mills, Inc., 25 B.R. 1018 (Bankr. D.N.M. 1982). In Otero Mills the bankruptcy court granted a permanent injunction against the Security Bank and Trust, preventing the bank from executing or otherwise attempting to collect upon a state court judgment against Charles Dugan. Mr. Dugan was the President and shareholder of the bankruptcy corporation, Otero Mills, Inc. Dugan was not in bankruptcy, but a judgment had been rendered against him in the state court on his individual guarantee of promissory notes owed by Otero Mills to the bank, holding [t]o so enjoin a creditor's action against a third party, the court must find that failure to enjoin would effect [sic] the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through the third party." In Otero Mills the court held that the standard used by the bankruptcy court was appropriate because of the debtor's assertion that its reorganization plan would require contribution of assets by the third party to the bankruptcy-debtor.

12.    In Matter of Provincetown Boston Airline, Inc., 52 B.R. 620 (Bankr. M.D. Fla., 1985), Judge Alexander Paskay held in granting a temporary injunction in favor of the head of the debtor corporation in suits on a guaranty:

> § 105 of the Bankruptcy Code, which provides that a bankruptcy court may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of Title 11." This Section is merely a restatement of the provisions of the All-Writ Statute, 28 U.S.C. § 1651, and while it does not use the term "injunction",

there is no longer any doubt that the relief available under this Section is, in fact, in the nature of an injunction and, as such, is governed by the principles which govern injunctions in general. In re Otero Mills, Inc., 25 B.R. 1018 (D.N.M.1982); In the Matter of Johns-Manville Corp., 26 B.R. 405 (Bankr.S.D.N. Y.1983); Doran v. Salem, Inc., 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975); In re Brookfield Tennis, Inc., 29 B.R. 1 (E.D.Wisc.1982); In re Larmar Estates, Inc., 5 B.R. 328 (Bankr.E.D.N.Y.1980). Id. at 624.

It is well established that in order to prevail on a motion for preliminary injunction, the party seeking the relief must establish the following: (1) a strong probability of success on the merits; (2) irreparable injury to the movant if the relief sought is not granted; (3) injunctive relief granting will not cause substantial harm to the party against whom the injunctive relief is granted; and (4) the public interest will be best served by issuing the preliminary injunction. Id at 625

There are, generally speaking, two instances in a Chapter 11 case when injunctive relief was found to be justified, of course only on a temporary basis. One, when a principal of a debtor who himself is not a debtor, is a key person and as such should be protected against lawsuits in order to enable him to devote his full time and energy to the affairs of a debtor, especially at the initial stage of the proceeding. Thus, upon showing that his time and energy is needed in order to allow him to tend to the affairs of a debtor and to allow him to devote his full time to formulating a plan of reorganization, such non-debtor principal may be entitled to temporary protection. The second instance when injunctive relief was justified was when the individual non-debtor owned assets which either were to be used as a source to fund the plan through liquidation or when the preservation of his credit standing played a significant and meaningful role in a debtor's attempt to achieve reorganization. In such situations, injunctive relief was issued to protect the individual at least until the necessary financing to fund the plan of reorganization was secured. Id at 625,626.

13. Litigation against the guarantor on claims for which the debtor is primarily liable, will create waste in the form of litigation costs and a disincentive to fund the plan if the guarantor is forced to transfer its funds to the creditor who has the guaranty, rather than to the estate for the benefit of all creditors. See, e.g., Chase Manhattan Bank v. Third Eighty-Ninth Assocs. (In re Third Eighty-Ninth Assocs.) 138 B.R. 144, 146 (S.D. N.Y. 1992).

14.   The time necessary to defend a collection action, in consulting with lawyers and considering strategy, is time that the guarantor does not have to commit to assisting in the

debtor's reorganization. See, e.g., A.H. Robins Co. v. Piccinin (In re A.H. Robins Co.) 788 F.2d 994, 1008 (4th Cir. 1986); In re Ionosphere Clubs, Inc. 111 B.R. 423, 433 (Bankr. S.D. N.Y. 1990).

15.    In addition, any funds expended defending the guaranty actions would be "deadweight" loss. If the debtor's plan will pay the creditor in full, or if the guaranty were subject to defenses, such as the invalidity of the underlying debt, all such maters should be dealt with in the debtor's bankruptcy.

16.    The Seventh Circuit has held that the moving party need not show irreparable harm but instead must show an interference with the effective reorganization of the debtor and this may in and of itself create the irreparable harm. See Fisher v. Apostolou 155 F.3d 876, 882 (7th Cir. 1998); In re L&S Indus., Inc. 989 F.2d 929, 932 (7th Cir. 1993). The Seventh Circuit is joined in that view by the First Circuit, which also has stayed a non-debtor action without applying or discussing the usual preliminary injunction standard. See In re G.S.F. Corp. 938 F.2d 1467, 1474-76 (1st Cir. 1999) overruled on other grounds by Conn. Nat'l. Bank v. Germain 503 U.S. 249 (1992).

17.    Bankruptcy Rule 7065, Injunctions, states Rule 65 F.R.Civ.P. applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c) (security)

Count I
Temporary Injunction

18.    Plaintiff incorporates the allegations of paragraphs 1-17  above.

19.    A Temporary Restraining Order is necessary in this case to preserve the status quo and prevent irreparable injury to Debtor and its creditors, which would occur if

Defendants persist in prosecuting their guaranty collection  litigation against Edwyn Martinez.

20.      (1) a substantial likelihood exists that the Debtor will succeed on the merits of its reorganization effort; (2) unless the relief sought is granted, the Debtor will suffer irreparable harm; (3) the harm to the Debtor outweighs the injury that the injunction would inflict upon Defendants; and (4) the injunction would not be adverse to public interest.


Wherefore Plaintiff demands a temporary restraining order and preliminary injunction to preserve the status quo on the guarantees until Debtor has had the opportunity to proceed with its reorganization case



JOEL M. ARESTY, P.A.
Counsel for Debtor
309 1st Ave S
Tierra Verde, FL 33715
Phone: 305-904-1903
Fax: 800-559-1870
E-mail: Aresty@Mac.com
By:/s/ Joel M. Aresty, Esq.
Fla. Bar No. 197483

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*

TED & STAN'S TOWING SERVICES,
INC.,

      Debtor.                             /

Case No.: 21-10663-AJC

Chapter 11

TED & STAN'S TOWING SERVICES,
INC.,

      Plaintiff

*v.*

Tokyo Century (USA); Eastern Funding, LLC;
Agentis PLLC; Greenlight Premium Finance Co.
Impact Staff Leasing, Inc.

      Defendants

                           /

Adv. Case No.

## VERIFICATION

VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF AND EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

Edwyn Martinez, pursuant to 28 U.S.C. § 1746, says:

I am President of Debtor and has been authorized to sign all papers and deliver all testimony required in this chapter 11 case.

I have personal knowledge of the facts and allegations contained in the Verified Complaint For Injunctive Relief And Emergency Motion  For Temporary Restraining Order And Preliminary Injunction filed herewith, and am authorized by the Debtor to verify that they are true and correct, and so verify under penalty of perjury.

Signed
TED & STAN'S TOWING SERVICES, INC.,

Edwyn Martinez. President

**I hereby certify** that on, a true and correct copy of the foregoing was served upon all parties in interest, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said party.

JOEL M. ARESTY, P.A.
Counsel for Debtors-Plaintiff
309 1st Ave S
Tierra Verde, FL 33715
Phone: 305-904-1903
Fax: 800-559-1870
E-mail: Aresty@Mac.com
By:/s/ Joel M. Aresty, Esq.
Fla. Bar No. 197483